IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY C. BORIZOV, ) | |
| ) | No. 19 C 7549 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| WENDY OLSEN-FOXON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

This case is before the Court on plaintiff's Motion to Compel Supplemental Deposition of Victor Perez and Compliance with Court-Ordered Email Production [107]. For the reasons set forth below, the Court grants the motion in part and orders the Illinois Department of Corrections ("IDOC") to produce Officer Victor Perez for a supplemental deposition pursuant to Federal Rule of Civil Procedure 30; and to either produce all of the non-privileged emails that were withheld from IDOC's ESI production on or around January 13, 2023; or, alternatively, produce a log of all the withheld emails setting forth the basis for why each individual email was withheld.

### Background

This case was brought under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301 et seq. Plaintiff, an inmate at Stateville Correctional Center ("Stateville"), claims that defendant, a medical professional at Stateville, sexually assaulted him. The case is proceeding through discovery. Relevant here, plaintiff seeks to compel a supplemental deposition of IDOC Internal Affairs Officer Victor Perez ("Officer Perez"), as well as compel the production of

certain emails pursuant to this Court's order dated December 20, 2022. Defendant does not object to Officer Perez's supplemental deposition as a general proposition, but rather objects to the extent of topics that plaintiff wishes to cover in the deposition.[1] As to the emails sought by plaintiff, defendant contends that there are no other relevant, related, or otherwise responsive emails to produce.

## Discussion

### A. Supplemental Deposition of Officer Perez

Under Federal Rule of Civil Procedure 30(a)(2)(B): "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties … the person to be examined already has been deposed in the case." Fed. R. Civ. P. 30(a)(2)(B). Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court must:

> "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Fed. R. Civ. P. 26(b)(2)(C).

---

[1] In the reply brief, plaintiff asserts that IDOC, the subpoenaed party, has not objected to plaintiff's motion to compel. Plaintiff contends that only defendant (Olsen-Foxon) has objected. However, defendant is an employee of IDOC and defense counsel purports to represent IDOC's interests in this litigation. In fact, plaintiff's counsel has previously acknowledged that defense counsel represents IDOC in this matter. See ECF 77 at p. 1, n.1. Because plaintiff only raises this issue in a short footnote in the reply brief, and does not otherwise raise substantive standing arguments, any standing argument is underdeveloped and therefore waived. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1992); *Handford ex rel. I. H. v. Colvin*, No. 12 C 9173, 2014 WL 114173, at *11 (N.D. Ill. 2014) (applying *Berkowitz* to underdeveloped arguments in a Social Security appeal). "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). For purposes of this written order, the Court generally refers to "Defendant" as the opposing party to the motion, with the understanding that IDOC is also raising the same objections and arguments in light of its shared representation with Defendant.

In this case, the parties agree that Officer Perez should be produced for a supplemental deposition.[2] They also agree that the supplemental deposition may explore the following two issues: (1) Mr. Perez's involvement in the conversation with the unnamed IDOC medical professional, as alluded to in Officer Joel Starkey's deposition; and (2) IDOC's email production made on or around January 12, 2023. The parties disagree on whether the following topics may also be addressed: (1) the sufficiency of Officer Perez's investigation of Plaintiff's claim; (2) Officer Perez's conversations with former Wardens Pfister and Nicholson regarding the investigation into Plaintiff's allegations; (3) discussions regarding the investigation into Plaintiff's claims during any "PREA Committee" meetings; and (4) Defendant's testimony that she was interviewed by an internal affairs officer twice in connection with the investigation.

Plaintiff argues that exploration into these topics is warranted primarily because plaintiff received substantial and relevant written discovery *after* the initial deposition of Officer Perez. Further, this newly produced written discovery purportedly provides more insight—and raises more questions—as to Officer Perez's investigation of plaintiff's claim and related issues. For example, plaintiff claims that the new written discovery shows that Officer Perez was included on communications directly discussing the sufficiency of the investigation of plaintiff's claims. Additionally, plaintiff claims that the written discovery contains PREA training materials relating to how IDOC handles these types of cases, including how IDOC interviews witnesses. In summary, plaintiff specifically intends to question Officer Perez based on the following documents received after the initial deposition: (1) PREA committee notes; (2) written PREA

---

[2] Officer Perez's initial deposition was held on November 30, 2021. Defendant later agreed to produce Officer Perez for a supplemental deposition, which was scheduled to occur on January 23, 2023. However, shortly before it was set to begin, the parties reached an impasse as to the scope of the supplemental deposition, and the deposition did not proceed. The parties spend substantial time in their briefing bickering over why the deposition could not proceed in January. While the frustration is understandable, the Court need not make a judgment as to who was at fault for the cancellation in resolving this motion.

training materials; (3) IDOC's email production from on or around January 13, 2023; and (4) additional emails IDOC identified on its hit report relating to plaintiff but not yet received.

In response, defendant argues that Officer Perez testified "extensively" about several topics during his initial deposition, including: his investigation into plaintiff's PREA claim; the identities of the people he spoke with about the investigation; the monthly PREA meetings during which plaintiff's claim were discussed; and whether defendant was interviewed. Defendant argues that plaintiff's attempts to probe into these issues during a second deposition with Officer Perez are an impermissible "second bite at the apple."

However, defendant cites to no deposition testimony showing that, in fact, these topics were already discussed, or the extent to which they were explored. At best, defendant's broad representations as to what Officer Perez already testified about (with no citation to the record or elaboration) can be read as implying that a supplemental deposition on these topics would be duplicative. That implication is unsupported, especially considering plaintiff's undisputed assertion that a substantial amount of written discovery and ESI was produced to plaintiff after Officer Perez's initial deposition, seemingly through no fault of plaintiff. *See, e.g.*, ECF 108 at p. 4 (plaintiff received PREA meeting minutes and PREA training materials on December 30, 2021 – one month after Officer Perez's initial deposition); *Id*. at p. 5 (plaintiff received 136 pages of relevant emails on January 13, 2023—over a year after Officer Perez's initial deposition).

Further, plaintiff connects the content of certain documents belatedly received to additional relevant lines of inquiry they intend to explore with Officer Perez—and defendant has no response to this. Indeed, defendant does not address the identified documents nor explain why allowing inquiry into these documents would be burdensome, duplicative, or otherwise

prejudicial to defendant or Officer Perez. *See* Fed. R. Civ. P. 26(b)(2)(C). In other words, defendant fails to conduct any meaningful analysis of the language of Rule 26 in opposing this additional discovery.

Accordingly, the Court grants plaintiff's motion to conduct a supplemental deposition of Officer Perez, limited to three hours,[3] on the following topics:

- Mr. Perez's involvement in the conversation with the unnamed IDOC medical professional, as alluded to in Officer Joel Starkey's deposition;

- The sufficiency of Officer Perez's investigation of Plaintiff's claim;

- Officer Perez's conversations with former Wardens Pfister and Nicholson regarding the investigation into Plaintiff's allegations;

- Discussions regarding the investigation into Plaintiff's claims during any "PREA" meetings;

- Defendant's testimony that she was interviewed by an internal affairs office twice in connection with the investigation;

- Other topics that relate to the newly produced documents not available during Officer Perez's initial deposition, including: (1) PREA Committee notes; (2) written PREA training materials; (3) IDOC's email production from around January 13, 2023; and (4) additional emails IDOC identified on its hit report relating to Plaintiff but has not yet produced (to the extent further emails will be produced; see subsection B, *infra*).

B. <u>Defendant's Alleged Non-Compliance with this Court's December 20, 2022, Order</u>

Plaintiff also seeks to compel defendant's compliance with this Court's minute order at ECF 103. That order, which was entered pursuant to a status hearing held on December 20, 2022, pertained to an ESI discovery dispute as to the broadness of proposed searches. In resolving the dispute, the Court made certain modifications to plaintiff's proposed terms and date-ranges and

---

[3] Plaintiff's reply brief indicates that three hours is sufficient for the deposition.

ordered defense counsel to produce the appropriate emails by January 13, 2023. See ECF 103. Plaintiff asserts that the production received from defense counsel is underinclusive based on the "hit report" that defendant previously disclosed to plaintiff and this Court. Plaintiff requests that the Court order a full production of emails consistent with the Court's prior order.

Defendant's response indicates that defense counsel withheld many of the emails generated by the search because the search terms were "so broad that they captured completely unrelated, irrelevant, and non-responsive email communications."[4] While the Court's minute order did not specify how defense counsel should handle irrelevant emails, this issue was discussed during the status hearing.[5] In particular, the Court noted two different approaches defense counsel could have taken with respect to irrelevant emails. First, defense counsel could have produced all of the non-privileged emails regardless of relevance. Alternatively, defense counsel could have withheld irrelevant emails. If the latter option was selected, the Court suggested that defense counsel create a spreadsheet and/or log documenting the emails that were withheld on the basis of relevance (or any other non-privileged grounds) and the rationale for making that determination, and produce that to plaintiff along with the relevant, non-privileged emails. However, it appears that defense counsel elected to withhold irrelevant emails and not produce a "relevance log" as the Court suggested.

The Court has no basis to rule on whether defense counsel improperly withheld relevant emails from his production. Further, the Court disagrees with plaintiff's counsel's assertion that the Court ordered defense counsel to turn over *any and all* nonprivileged emails that were

---

[4] The Court is confused by how an office that is supposedly overworked, under-resourced, and routinely pressed for time managed to review hundreds of documents for mere *relevance* despite an ostensible lack of harm that would result from producing irrelevant, non-privileged material to plaintiff.

[5] The Court listened to a recording of the status hearing to refresh its memory on the ESI dispute and resolution reached.

generated by the Court's search terms, regardless of relevance. As previously mentioned, the Court contemplated two different approaches for the production (or lack thereof) of irrelevant emails, and defense counsel simply chose plaintiff's non-preferred option. While this may have been an unwise decision—particularly to not include a spreadsheet explaining the basis for withholding non-privileged emails—the Court cannot say that it violated the Court's rulings from December 20, 2022. Thus, in order to resolve this dispute, the Court orders defendant to take one of two actions: (1) produce ALL of the non-privileged emails that were withheld from the initial production; OR (2) prepare a log of the emails deemed irrelevant (or that were otherwise withheld), including a brief description setting forth the basis for the withholding, and produce the log to plaintiff.[6] The production under either option must be completed by March 29, 2023. If plaintiff still has concerns after the supplemental production of ESI or the production of the relevance log, the parties must meet and confer on the issue. If the parties are still at an impasse following the meet and confer meeting, plaintiff's counsel must file an appropriate motion by April 7, 2023.

## Conclusion

For the above reasons, the Court grants, in part, plaintiff's Motion to Compel Supplemental Deposition of Victor Perez and Compliance with Court-Ordered Email Production [107]. Defendant/IDOC is ordered to produce Officer Victor Perez for a supplemental

---

[6] While the Rules of Civil Procedure do not require a log of "irrelevant" ESI *not* produced, here the situation is different. The Court resolved an ESI discovery dispute by fashioning appropriate date ranges, custodians, and search terms. The purpose of this resolution is to help define what is a reasonable search of ESI (the Court has determined the ESI search protocol is reasonable for initial discovery purposes) and to save the producing party the cost of individually reviewing emails for relevance (the Court approved ESI search protocol produces presumably relevant emails and there is no apparent harm in producing non-relevant emails). The only review necessary is for privilege. The defendant by litigating the search terms *and* then reviewing for relevance has created extra work for itself. The approach of creating extra work continues if the defendant chooses to create a "non-production log." As already noted, that decision is for defendant to make.

deposition pursuant to Federal Rule of Civil Procedure 30, to be scheduled in a reasonably prompt manner. Further, defendant/IDOC is ordered to produce the remaining non-privileged emails to plaintiff, pursuant to this Court's December 20, 2022, order; or, alternatively, produce a log of all the non-privileged withheld emails, consistent with the instructions herein.

**SO ORDERED.**

**DATED: 3/21/23**    ENTERED:

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**